1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10    SCOT CANNON,                                CASE NO. C13-823-MJP

11                        Plaintiff,              ORDER GRANTING MOTION TO
                                                  DISMISS
12           v.

13    THE BOEING COMPANY,

14                        Defendant.

15          This matter comes before the Court on Defendant Boeing Companies' motion to dismiss.

16    (Dkt. No. 8.)  Having considered the motion, Plaintiff's response (Dkt. No. 11), Defendant's

17    reply (Dkt. No. 13), and all related papers, the Court GRANTS the motion.

18                                       **Background**

19          Scot Canon, a former Boeing employee, sued in King County Superior Court for Fraud

20    and Breach of Contract, asserting claims based on termination from Boeing in May of 2007 and

21    his unemployment compensation hearings.  (Dkt. No. 12-1, "Complaint".)  Boeing removed the

22    case under 28 U.S.C. §§1331, 1332, 1441, and 1446.  (Dkt. No. 1 at 1.)  Cannon alleges he was

23    employed by Boeing as an Electronic Maintenance Technician.  (Complaint at ¶7.)  Boeing

24

ORDER GRANTING MOTION TO DISMISS- 1

allegedly terminated his employment for two safety violations.  (<u>Id.</u> at ¶43.)  Related to the two safety violations, he claims the Corrective Action Memorandums were (1) too harsh, and (2) based on an incorrect assessment of Boeing safety procedures.  (<u>Id.</u> at ¶¶17-22, 24-45.)

Following Boeing termination of his employment, Cannon sought unemployment benefits.  (<u>Id.</u> at ¶46.)  Cannon alleges Boeing witnesses provided incomplete and false testimony at the hearing.  (<u>Id.</u> at ¶7)  The hearing officer found in favor of Cannon and awarded him unemployment benefits.  (<u>Id.</u> at ¶3.)  He also claims Boeing failed to produce documents related to a subpoena.  (<u>Id.</u> at ¶¶87-91.)

Canon asserts a claim for fraud on the theory Boeing failed to produce documents at the unemployment hearing.  (<u>Id.</u> at ¶95.)  He also asserts a claim for fraud based on Boeing supposedly offering false testimony.  (<u>Id.</u>)  Cannon also contends Boeing breached its "union" contract and failed to deal fairly with Cannon:

> Defendant Boeing's breach of the Union Contract, (Exhibit K, Union Contract), cost the Plaintiff lost wages and benefits, emotional distress, and other types of losses due to his loss of his position with Boeing.

(Id. at ¶125.)

This is Cannon's second case related to these exact same facts; the first having been dismissed by Judge Martinez, 2:12-cv-1344 RSM.  Judge Martinez dismissed the case in its entity, finding it was pre-empted by the Labor-Management Relations Act and precluded by the statute of limitations.  (Dkt. No. 4.)

## Analysis

A.  Legal Standard

In considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has alleged sufficient facts to state a claim for relief which is "plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544,

570 (2007)). A claim is facially plausible if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. 556). In making this assessment, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. Baker v. Riverside County Office of Educ., 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). The Court is not, however, bound to accept the plaintiff's legal conclusions. Iqbal, 556 U.S. at 678. While detailed factual allegations are not necessary, the plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

B.  LMRA Preemption

Boeing moves to dismiss Cannon's breach of contract claim on the grounds the complaint is merely a re-packaged version of the claims already dismissed by Judge Martinez: "any claims based on the CBA are pre-empted and time barred for the reasons set forth in the Court's order dismissing the Cannon complaint." (Dkt. No. 8 at 6.)

Under the Labor Management Relations Act ("LMRA"), § 301 "preempts state law claims that are based directly on rights created by a collective bargaining agreement as well as claims that are substantially dependent on an interpretation of a collective bargaining agreement." Niehaus v. Greyhound Lines, Inc., 173 F.3d 1207, 1211 (9th Cir. 1999) (quotation marks omitted). The "determinative question is whether the state law factual inquiry ... turns on the meaning of any provision of the collective-bargaining agreement." Ward v. Circus Circus Casinos, Inc., 473 F.3d 994, 998 (9th Cir. 2007) (quotation marks omitted). However, "a plaintiff covered by a collective-bargaining agreement is permitted to assert legal rights independent of that agreement, including state-law contract rights, so long as the contract relied

1   upon is not a collective-bargaining agreement." Caterpillar Inc. v. Williams, 482 U.S. 386, 396

2   (1987).

3          On a motion to dismiss a district court may consider "a document the authenticity of

4   which is not contested, and upon which the plaintiff's complaint necessarily relies." Parrino v.

5   FHP, Inc. 146 F.3d 699, 706 (9th Cir. 1998), superseded by statute on other grounds. Here,

6   Cannon's complaint, necessarily relies on the CBA: Cannon alleges Boeing breached the "union"

7   contract by misinforming the Union business representative about the disciplinary procedures.

8   Therefore the express contract claim is preempted by the LMRA § 301.

9          Cannon's attempt to recast his claims as an implied contract claim based on documents

10  relating to safety violations, including PRO-1909, RC-020G, PRO-1023, as well as the Lotto

11  booklet, is not persuasive. (Dkt. No. 11.)  In Olguin v. Inspiration Consol. Copper Co., an

12  employee attempted to assert a breach of contract claim based on an employee manual. 740 F.2d

13  1468, 1474 (9th Cir.1984), overruled on other grounds by Allis–Chalmers Corp. v. Lueck, 471

14  U.S. 202, 220 (1985). The Ninth Circuit held that "to the extent that the alleged policy manual is

15  inconsistent with the provisions of the collection bargaining agreement, the bargaining

16  agreement controls." Id.  Here, Cannon's response makes clear that his claim is really about the

17  union greivence process used in his discipline and termination.  For example, PRO-1023, one of

18  the documents identified in the Complaint that addresses the handling of hazardous energy

19  sources, is only relevant to the extent it shows the disciplinary process used by Boeing was too

20  harsh under the CBA. (Dkt. No. 12-1 at 59.)  This is the precise kind of claim preempted Section

21  301 of the LMRA.  The motion is GRANTED as the breach of contract claim.

22          C.  Fraud Claims

23          Cannon alleges common law fraud claims based on: (1) Boeing employees committed

24  perjury during the second unemployment hearing; (2) Boeings failure to produce a document in

response to as subpoena prior to the second unemployment hearing.  Both claims fail as a matter of law.

To state a claim for common law fraud, a plaintiff must allege nine elements: (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by plaintiffs; (6) plaintiffs' ignorance of its falsity; (7) reliance on the representation; (8) plaintiffs' right to rely upon it; and (9) actual harm. Stiley v. Block, 130 Wn.2d 486, 506, 925 P.2d 194 (1996). These facts must be pled with particularity. Fed.R.Civ.P. 9(b). In other words, a plaintiff must identify the representations, that they were false when made, the speaker, when and where the statements were made, and how the representations were false or misleading.  In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 n. 7 (9th Cir.1994).

First, no civil cause of action exists for the failure to produce documents in response to a subpoena request in a different case.  Zigmund v. Tetreault, 1997 WL 695502, *4 (D.Conn.1997) ("[T]he plaintiff can state no possible cause of action for the failure to respond to discovery requests filed in another case."); Marozsan v. U.S., 849 F.Supp. 617, 645 (N.D.Ind.1994) ("There is no recognized civil cause of action for the failure or refusal of a party to provide discovery.)  Thus, even if Boeing withheld documents in the unemployment hearing, Cannon has no civil remedy in this Court.

Likewise, Boeing correctly argues that as a matter of law witness statements in civil cases are privileged and not actionable.  (Dkt. No. 8 at 9.)  Platts, Inc. v. Platts, 73 Wn.2d 434 (1968) (that there is no civil cause of action for perjury. Washington law clearly incorporates this rule.) Cannon alleges Boeing employees made false statements during a civil unemployment hearing. Even if true, Washington has no civil claim for perjury.  See Platts, 73 Wn.2d at 434.

1    Apart from the fundamental legal shortcomings of Cannon's fraud claim, he also fails to

2  plead essential elements of the claim, including that the statements/documents were material,

3  reliance, or that he suffered any injury when he won his unemployment hearing.  (Dkt. No. 12-

4  1.)

5    On the fraud claims too, the Court GRANTS summary judgment in favor of Defendant

6  Boeing.

7    **Conclusion**

8    The Court GRANTS the motion (Dkt. No. 8), because: (1) Plaintiff's breach of contract

9  claims are preempted by the Labor-Management Relations Act; (2) no civil action exists for

10  failure to produce documents in response to a subpoena in a different court and for a witness'

11  perjured testimony.

12    The clerk is ordered to provide copies of this order to all counsel.

13    Dated this 9th day of August, 2013.

14

15

Marsha J. Pechman
16  Chief United States District Judge

17

18

19

20

21

22

23

24